**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION,    ) | |
| ) | |
| *Plaintiff,*    ) | Case No. |
| ) | |
| v.    ) | JURY TRIAL DEMANDED |
| ) | |
| SANS PACKAGING COMPANY;   ) | |
| ) | |
| *Defendant.*    ) | |
| ) | |

**COMPLAINT FOR**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Solo Cup Operating Corporation ("Plaintiff") files this Complaint against defendant Sans

Packaging Company ("Defendant"), and alleges as follows:

**Nature of the Action**

1.       This is an action for infringement of Plaintiff's U.S. trademark rights for the

product configuration of its Traveler hot cup lid (the Configuration Mark), of Plaintiff's U.S.

Trademark Registration 3,284,076 (the Traveler Registration – Exhibit 1), by Defendant's

products, in violation of 15 U.S.C. §1114, and the federal unfair competition arising therefrom,

which violates 15 U.S.C. §1125.  This is further an action for violation of the Illinois Uniform

Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*), and violation of the Illinois Consumer

Fraud and Deceptive Business Practices Act (ILCS 505/1 *et seq.*).

## Parties

2.      Plaintiff, Solo Cup Operating Corp., an affiliate company of Dart Container Corporation, is a Delaware corporation with a principal place of business at 150 S. Saunders Road, Lake Forest, Illinois, and operates business that includes the manufacture and sale of disposable serving ware products such as cups and cup lids.

3.      Upon information and belief, Defendant Sans Packaging Company is a Chinese corporation with an address at No.99 Jiajia Road, Shengzhou, Zhejiang 312400 in China, which also conducts business under the names FroYo Supplies and SANS Foodservice, including business activity that is the subject of this Complaint.

## Jurisdiction and Venue

4.      This action arises under the U.S. Lanham Act, Title 15, United States Code 35 U.S.C. § 1051, et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred (and continues to occur) in this District, and upon information and belief, Defendant continues to offer goods for sale within this District that infringe Plaintiff's Configuration Mark and violate the Traveler Registration.

6.      Venue is proper under 28 U.S.C. § 1391(b) and (c).

## Background and Facts Related to this Action

7.      Plaintiff is a global manufacturer and supplier of food and beverage container products, including hot cup lids marketed under the product name "Traveler" having the appearance of the Configuration Mark as shown in Exhibit 2 and covered by the Traveler Registration (Exhibit 1).  For over 30 years, Plaintiff has marketed the Traveler Lids essentially

unchanged in appearance, and Plaintiff has developed substantial trademark rights in the Traveler product appearance. As evidenced by Plaintiff's Traveler Registration, Plaintiff has the exclusive right to use in commerce the product configuration shown in the Registration for the goods identified – namely, plastic cup lids.

8.     On information and belief, Defendant markets and distributes hot-cup lid products, including white and black lid products for 8 ounce cups (80mm lids) and 10-24 ounce cups (90mm lids) with product appearances that mimic the Configuration Mark and infringe the Traveler Registration.

9.     Attached as Exhibit 3 are website printouts from www.sanspack.com, an internet website believed to be operated by Defendant under the name SANS Foodservice. The website describes SANS Foodservice as a "China-based one-stop provider with a full line of products…for foodservice, dine-in or takeout, as well as the beverage." The website also advertises availability of 80mm and 90mm black and white "PS Hot Lids" with item numbers ST-HL8PSB, ST-HL8PSW, ST-HL1024PSB, and ST-HL1024PSW (collectively, "the Accused Products.")

10.    Attached as Exhibit 4 are website printouts from www.froyosupplies.com, an internet website believed to be operated by Defendant under the name FroYo Supplies. The website describes FroYoSupplies as being "a division of Sans Packaging Co.," which it alleges is "#1 manufacturer of frozen yogurt & cafe supplies including…hot cups & lids…in China." The website advertises availability of the same "PS Hot Lids" with the same model numbers as does the sanspack.com website of Exhibit 3.

11.    Attached as Exhibit 5 are photographs of what is believed to be a "PS Hot Lid" model ST-HL8PSW. This product was collected from display booth number 1640 of the

National Restaurant Association convention on May 17, 2015, at the McCormick Place Convention Center in Chicago, Illinois.  Defendant is presently occupying display booth number 1640 at said convention, and is displaying and offering for sale hot cup lids such as that shown in Exhibit 5, and such as is shown on Exhibits 3 and 4.

12.     Attached as Exhibit 6 are enlarged photographs of a business card collected from display booth number 1640, showing David Sany as the "Founder & CEO" of SANS and identifying the website www.froyosupplies.com.

13.     Defendant advertises and promotes the sale of products confusingly similar to the configuration of the Traveler Registration, including the PS Hot Lids having product appearances as shown in Exhibits 3, 4 and 5.  On information and belief, and based at least on its presence and offering of PS Hot Lids at a Chicago-based restaurant convention, Defendant is actively pursuing opportunities to sell or increase its sales of PS Hot Lids to clients within the United States.

14.     Defendant's advertisement and sale of the Accused Lid Products having product configuration and appearance identical or similar to that which is covered by Plaintiff's Traveler Registration, is likely to deceive customers and the public.  Accordingly, Defendant's Accused Products are confusingly similar to Plaintiff's trademark rights of its Traveler Configuration and thereby violate Plaintiff's rights.

15.     Further, on information and belief, Defendant's marketing and distribution of hot cup lid products confusingly similar to the trade dress of Plaintiff's products is willful and with the intent to benefit from Plaintiff's popular hot cup lid product configuration covered by Plaintiff's Traveler Registration.

**CAUSES OF ACTION**

**Count I – Federal Trademark Infringement Under 15 U.S.C. §1114(1)(a)**

16.     Plaintiff realleges and incorporates herein paragraphs 1 through 15 of this Complaint.

17.     Defendant had constructive knowledge (and, upon information and belief, actual knowledge) of Plaintiff's ownership of and rights in its Traveler Registration, pursuant to 15 U.S.C. § 1072, during Defendant's unauthorized use of confusingly similar product configurations for identical goods identified in Plaintiff's Traveler Registration.

18.     Defendant thus has deliberately and willfully used a product configuration identical to, or substantially the same as, Plaintiff's configuration trademark in an attempt to trade upon and/or diminish the widespread goodwill, reputation and selling power established by Plaintiff under the trademark, and to pass Defendant's products off as those of Plaintiff.

19.     Plaintiff has not consented to Defendant's use of Plaintiff's trademark rights covered by the Traveler Registration.

20.     Defendant's unauthorized use of Plaintiff's product configuration trademark for hot cup lid products is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff in violation of 15 U.S.C. § 1114.

21.     The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiff in the nature of statutory damages, Defendant's profits, Plaintiff's actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. § 1117.

22.     As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which

Plaintiff has no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendant.

### Count II – Federal Unfair Competition (15 U.S.C. §1125(a))

23.    Plaintiff realleges and incorporates herein paragraphs 1 through 22 of this Complaint.

24.    On information and belief, Defendant has deliberately and willfully used Plaintiff's product configuration trademark in an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power established by Plaintiff in connection with its hot cup lid products in the United States, and to confuse consumers as to the origin and sponsorship of Defendant's goods.

25.    Defendant's unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its goods marketed with its product configuration trademark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

26.    Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant's products with Plaintiff, and as to the origin, sponsorship or approval of Defendant and their goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

27.    The intentional and willful nature of the aforementioned acts renders this violation subject to damages recoverable by Plaintiff in the nature of statutory damages, Defendant's profits, Plaintiff's actual damages, recovery of costs, and enhanced damages as an exceptional case, pursuant to 15 U.S.C. § 1117.

28.     As a result of Defendant's aforementioned conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of the Defendant.

### Count III – Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510)

29.     Plaintiff realleges and incorporates herein paragraphs 1 through 28 of this Complaint.

30.     At all relevant times of the allegations made in this Complaint, the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*) was in effect in Illinois.

31.     Defendant's willful unauthorized use of Plaintiff's Traveler Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Products.

32.     Such knowing and willful conduct described above constitutes deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2), and as a result, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

33.     In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial.

34.     Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendant from it unauthorized use of the Traveler Configuration Mark in violation of the Illinois Uniform Deceptive Trade Practices Act.

35.     Defendant's willful conduct entitles Plaintiff to a recovery of its attorney fees.

## Count IV – Illinois Consumer Fraud and
## Deceptive Business Practices Act (815 ILCS 505)

36.     Plaintiff realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

37.     At all relevant times of the allegations made in this Complaint, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.*) was in effect in Illinois.

38.     Defendant's willful unauthorized use of Plaintiff's Traveler Configuration Mark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Accused Products.

39.     Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and as a result, Plaintiff has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which Plaintiff lacks an adequate remedy at law.

40.     In addition to the irreparable harm caused to Plaintiff by reason of Defendant's acts, Plaintiff has suffered and will continue to suffer monetary damages in an amount not yet determined and to be proven at trial, which is recoverable pursuant to 815 ILCS 505/10a.

41.     Plaintiff is entitled to entry of permanent injunctive relief prohibiting Defendant from unauthorized use of the Traveler Configuration Mark in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

42.     Defendant's willful conduct and reckless indifference toward Plaintiff's rights entitles Plaintiff to a recovery of costs, attorney's fees and punitive damages pursuant to 815 ILCS 505/10a.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant on each Count herein and grant relief as follows:

A.     Permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

a.     using, selling, offering for sale, holding for sale, advertising or promoting within the United States any goods under or in connection confusingly similar to the product configuration covered by the Traveler Registration, including the products depicted in Exhibits 3 - 5 of this Complaint and any advertisement associated with such products such as that which is shown in Exhibit 5; and

b.     doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Plaintiff's business, or that is likely to injure or damage Plaintiff's product configuration trademark rights of its Traveler Configuration Mark or associated goodwill;

B.     Requiring that Defendant be ordered to recall from the channels of United States trade all products, packaging, advertising and promotional material sold or distributed by Defendant or its affiliates, that embody a product configuration identical or nearly identical to that which is shown in the Traveler Registration, including the Accused Products of Exhibits 3 and 4 of the Complaint, or any other configuration confusingly similar to Plaintiff's hot-cup lid product configuration pursuant to 15 U.S.C. §1116(d);

C.     Requiring Defendant to reimburse Plaintiff for all damages it has suffered by reason of its acts of infringement and unfair competition, to account for and pay to Plaintiff all profits derived by reason of such acts, and, based on the willfulness of Defendant's actions and its use of a counterfeit of Plaintiff's product configuration trademark, to remit to Plaintiff treble damages, profits, or statutory damages (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, and the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505) and at common law;

D.     Finding that this case constitutes an exceptional case pursuant to 15 U.S.C. §1117, and awarding Plaintiff its reasonable attorneys' fees and disbursements incurred in bringing this action;

E.     Requiring that the Defendant reimburse Plaintiff for all disbursements and costs incurred in bringing this action;

F.     Requiring that Defendant deliver and destroy all advertisements, brochures, promotional prints, and sales sheets in its possession or control within the United States depicting or describing a product configuration confusingly similar to that which is covered by the Traveler Registration, including any such materials depicting the products shown in Exhibits 3 and 4 of this Complaint, pursuant to 15 U.S.C. §1118, and immediately cease any

advertisement of such products in the United States via the Internet or my direct email solicitation into the United States; and,

G.      Requiring that Plaintiff be awarded such other and further relief as this Court may deem equitable.

Dated:  May 18, 2015               Respectfully Submitted,

                                      /s/ Mike R. Turner
                                 Bradley F. Rademaker
                                 Mike R. Turner
                                 NEAL GERBER & EISENBERG LLP
                                 2 North LaSalle Street, Suite 1700
                                 Chicago, Illinois  60602
                                 Tel:  (312) 269-8000
                                 brademaker@ngelaw.com
                                 mturner@ngelaw.com

                                 **Attorneys for Plaintiff**
                                 **SOLO CUP OPERATING CORP.**

21271226.1